Filed 3/17/26  Roebke v. Ahmed CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RONETTE ROEBKE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NUSURI AHMED,<br><br>    Defendant and Appellant. | B339954<br><br>(Los Angeles County<br> Super. Ct. No. 24TRCV00427) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Nusuri Ahmed, in pro. per., for Defendant and Appellant.

Stone & Sallus, Jason M. Stone and Barton E. DeBolt for Plaintiff and Respondent.

Defendant Nusuri Ahmed appeals from a judgment entered in favor of plaintiff Ronette Roebke following a bench trial. Ahmed contends the trial court erred in its findings and committed several procedural errors. Because Ahmed failed to brief the issues sufficiently or provide an adequate record to review his claims, he has forfeited his arguments. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2021, Ahmed leased a residential property in Torrance from Roebke. In January 2024, Roebke served Ahmed with a three-day notice to pay rent or quit, demanding several months' worth of past due rent. Ahmed did not pay the rent demanded, and Roebke filed an unlawful detainer complaint against him.

A bench trial was held in late May and early June 2024. Both parties presented evidence and testimony. On June 6, 2024, the trial court held a hearing to give the parties an oral tentative ruling and hear argument from counsel (the June 6 hearing). The court found Roebke met her burden of proof at trial. It then addressed Ahmed's claim the residence suffered from multiple habitability issues. It found he provided insufficient evidence to establish Roebke breached the warranty of habitability. After hearing from counsel, the court entered judgment for Roebke for possession of the premises, forfeiture of the lease, and past-due rent and holdover damages totaling $56,817.16. Ahmed appealed.

## DISCUSSION

Ahmed argues the evidence presented at trial did not support the judgment. He asserts the evidence showed Roebke unreasonably refused to accept rent payments and breached the

2

implied warranty of habitability by failing to make repairs and remediate mold.  He also asserts the trial court made other procedural and substantive errors.  Ahmed does not meet his burden of affirmatively showing the trial court erred.

Ahmed's deficient briefing coupled with an inadequate record compels us to conclude he has forfeited his contentions on appeal.  A judgment or order of the lower court is "'*presumed correct*,'" and all intendments and presumptions are indulged in favor of its correctness.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  "'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.'"  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

Ahmed's factual contentions are forfeited because he does not adequately support them.  His briefs do not provide a fair summary of the evidence upon which the trial court's judgment is based.  (*Oak Valley Hospital Dist. v. State Dept. of Health Care Services* (2020) 53 Cal.App.5th 212, 237 [appellant has duty to fairly summarize all facts favorable to judgment; failure to do so forfeits claims].)  They contain virtually no citations to the record, and the few citations provided do not support the factual assertions made.  (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1172.)

Ahmed's legal arguments are similarly forfeited for failure to provide sufficient supporting authority.  First, his opening brief cites multiple cases that simply do not exist.  Second, as to the cases that do exist, Ahmed fails to cite the portions he asserts support his claims.  (See *In re S.C.* (2006) 138 Cal.App.4th 396,

412 [citing case with no direction lends "no help as to what part of the opinion has relevance to this case"].)

It was also Ahmed's burden to provide an adequate record to assess his claims of error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) He provided only a transcript for the post-trial June 6 hearing where the court issued its tentative ruling and heard argument from counsel. He did not provide a reporter's transcript or adequate substitute for any trial proceedings. On this record, it is impossible to evaluate the evidence presented to and considered by the court at trial. Consequently, we are required to presume that any evidence which would have supported the judgment was presented below and resolve Ahmed's claims of error against him.[1] (*Ibid.*)

The limited record provided contradicts Ahmed's claim that his due process rights were violated at the June 6 hearing. Ahmed contends that at the hearing the trial court improperly "reversed" its "prior judgment" in his favor, but the hearing transcript shows this is not what occurred. Rather, the court explained that it had given its initial reaction to the evidence after closing arguments. Then the court set the June 6 hearing to

---

[1] With his reply brief, Ahmed filed a motion to augment the record with "[t]rial exhibits and the May 31, 2024 proceedings" due to "clerical omission." The motion is denied. Ahmed does not show he first filed the required notice in the superior court asking it to correct any clerical omission, and it is unclear whether a clerical error was made. He does not identify with any specificity or attach copies of the documents he wants added to the record. (See Cal. Rules of Court, rule 8.155(a)(2), (b)(1).) Further, his briefing fails to provide citations to any trial exhibits, and thus the motion is insufficient to cure his deficient briefing. Finally, Roebke would be prejudiced by augmenting the record at this juncture as the motion was filed after she filed her respondent's brief.

4

issue a tentative ruling and hear argument from counsel. Ahmed cites no authority suggesting this procedure violated due process. (See Cal. Rules of Court, rule 3.1590(b) ["The tentative decision does not constitute a judgment and is not binding on the court"].)

Ahmed next contends he was prejudiced by the absence of an interpreter at the June 6 hearing at which counsel argued. The record presented, however, does not show that Ahmed requested an interpreter for the hearing or objected on this basis. (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 ["'issues not raised in the trial court cannot be raised for the first time on appeal'"].) Moreover, Ahmed's assertion that the absence of an interpreter at the post-trial hearing where counsel argued "may have materially affected the outcome" is insufficient to establish prejudicial error. (See *People v. Suarez* (2020) 10 Cal.5th 116, 144 ["'Improper procedures in the use of an interpreter do not rise to the level of a constitutional violation unless they result in prejudice demonstrating defendant was denied his right to a fair trial'"].)

Finally, Ahmed contends the trial court miscalculated damages because it did not consider "possible abatements" for Roebke's failure to provide "habitable conditions." The court, however, concluded Ahmed failed to prove a breach of the warranty of habitability, and he has not shown error.

## DISPOSITION

The judgment is affirmed.  Roebke is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:



COLLINS, Acting P. J.



TAMZARIAN, J.